1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6

JULIE ANNE TERRANOVA,

7

Plaintiff,

CASE NO. C16-0041-JCC-MAT

8

v.

9

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY
APPEAL

10

Defendant.

11
12

Plaintiff Julie Anne Terranova proceeds through counsel in her appeal of a final decision

13 of the Commissioner of the Social Security Administration (Commissioner). The Commissioner

14 denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II and

15 Supplemental Security Income (SSI) under Title XVI after a hearing before an Administrative

16 Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and

17 all memoranda of record, the Court recommends that this matter be REVERSED and

18 REMANDED for further proceedings.

19

**FACTS AND PROCEDURAL HISTORY**

20

Plaintiff was born on XXXX, 1962.[1]  She has completed three years of college courses

21 and has worked as a project secretary and a drafter, having performed CAD drafting in the fields

22
23

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case
Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

1   of mechanical, electrical, and piping engineering.  (AR 271-72.)

2          Plaintiff filed an application for DIB and protectively for SSI on August 27, 2012,

3   alleging disability beginning November 15, 2007.  (AR 20.)  Her applications were denied at the

4   initial level and on reconsideration.  (AR 20.)

5          On March 16, 2014, ALJ Mary Gallagher Dilley held a hearing, taking testimony from

6   Plaintiff and a vocational expert.  (AR 35-102.)  On March 26, 2014, the ALJ issued a decision

7   finding Plaintiff not disabled.  (AR 20-29.)

8          Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on

9   November 6, 2015 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

10  Plaintiff then appealed this final decision of the Commissioner to this Court.

11                                       **JURISDICTION**

12         The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

13                                       **DISCUSSION**

14         The Commissioner follows a five-step sequential evaluation process for determining

15  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

16  be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had had not

17  engaged in substantial gainful activity since the alleged onset date of November 15, 2007.  (AR

18  22.)  At step two, it must be determined whether a claimant suffers from a severe impairment.

19  The ALJ found plaintiff has these severe impairments: lumbar and cervical degenerative disc

20  disease.  (AR 22.)  Step three asks whether a claimant's impairments meet or equal a listed

21  impairment.  The ALJ found that plaintiff's impairments did not meet or equal the criteria of a

22  listed impairment.  (AR 24.)

23         If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 2

1  a claimant's residual functional capacity (RFC) and determine at step four whether the claimant

2  demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to

3  perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that

4  plaintiff can occasionally lift 10 pounds and frequently lift less than 10 pounds; she can stand

5  and or walk up to 6 hours in an 8-hour workday; she can sit 6 hours in an 8-hour workday; she

6  would need to alternate positions about every hour briefly; she is limited to frequent fingering;

7  and she must avoid concentrated exposure to vibration and hazards.  (AR 24.)  Based on that

8  assessment, the ALJ found plaintiff able to perform her past relevant work as an administrative

9  assistant and detailer.  (AR 28.)

10     In step five of the sequential evaluation process, the burden shifts to the Commissioner to

11  demonstrate that the claimant retains the capacity to make an adjustment to work that exists in

12  significant levels in the national economy.  Because the ALJ found the plaintiff could do past

13  relevant work, the ALJ did not make an alternative finding at step five regarding other jobs the

14  plaintiff could do.  (*See* AR 28-29).

15     This Court's review of the ALJ's decision is limited to whether the decision is in

16  accordance with the law and the findings supported by substantial evidence in the record.  *See*

17  *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a

18  scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind

19  might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

20  Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

21  decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

22  2002).

23     Plaintiff argues the ALJ erred at step four by finding that plaintiff could perform her past

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 3

relevant work as a detailer because of her RFC.  Plaintiff also argues that the occupation of administrative assistant is not past relevant work because it was performed over fifteen years ago.  Last, based on these alleged errors at step four, plaintiff argues that the ALJ's decision is legally flawed because the ALJ did not make an alternative finding at step five regarding other work that plaintiff could perform.  She asks that the ALJ's decision be reversed and her claim remanded for an award of benefits based on a mandatory finding that plaintiff is disabled as of her fiftieth birthday, and for adjudication of the period prior to that date.  In the alternative, plaintiff requests this matter be remanded for a *de novo* hearing.  The Commissioner argues the ALJ's decision is supported by substantial evidence and that if it contains any errors such errors were harmless and the decision should be affirmed.

Past Relevant Work

A.    Occupation of Detailer

The determination at issue in this case was made at step four of a five-step disability determination process.  At step four, claimants must show that they can no longer perform their past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Clem v. Sullivan,* 894 F.2d 328, 330 (9th Cir.1990).  "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari,* 249 F.3d 840, 844 (9th Cir. 2001) (citing SSR 82–62; 20 C.F.R. §§ 404.1571 and 416.971, 404.1574 and 416.974, 404.1565 and 416.965).  "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id*. (citing SSR 82-62).  The claimant must be able to perform the actual functional demands of a particular past relevant job or the functional demands and job duties of the occupation as generally required by

employers throughout the national economy.  *Pinto*, 249 F.3d at 845 (citing SSR 82-61).  An ALJ may rely on two sources "to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82-61, and the claimant's own testimony, SSR 82-41."  *Id*. at 845.  The Dictionary of Occupational Titles (DOT) is generally considered the best source for determining how past relevant work is generally performed.  *Id*. at 845-46.

Plaintiff argues that the occupation of detailer requires physical capabilities greater than those assessed in her RFC.  The Commissioner does not defend the ALJ's finding that plaintiff can perform her past work as a detailer as described by the DOT because the vocational expert (VE) testified this occupation requires greater functional capacity than that assessed by the ALJ. (Dkt. 20 at 3; AR 89.)  However, the Commissioner argues that plaintiff failed to challenge the ALJ's finding she can perform her past work as detailer as actually performed and thus the argument has been waived.  (Dkt. 20 at 3.)  The Court finds that plaintiff sufficiently raised the issue in her opening brief.  (*See* Dkt. 14 at 1.)

In finding that plaintiff could perform her past relevant work as a detailer the ALJ made only the following finding:

> This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity . . . . In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it ***as actually and generally performed***.

(AR 29 (emphasis added).)  The ALJ provided no citations to the record to support this conclusion.  Turning to the issue of the occupation of detailer as generally performed, the VE testified in response to a hypothetical based on someone with plaintiff's limitations that because detailer involves "constant" fingering and handling, plaintiff could not perform this work as defined by the DOT.  (AR 89.)  It is clear from the record that the occupation of detailer as

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

generally performed requires greater functional capacity than plaintiff's fingering limitations allow. (*Id.*)  The ALJ's finding that plaintiff can perform the occupation of detailer as generally performed contains clear error, is not supported by substantial evidence, and cannot be affirmed by this Court. *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir. 1996) (A reviewing court must review an ALJ's decision *de novo* and determine whether the decision is "free of legal error" and "supported by substantial evidence.")

When evaluating past relevant work as actually performed, the two acceptable sources of information are a properly completed vocational report and a claimant's testimony. *Pinto,* 249 F.3d at 845 (citing SSR 82-61 and SSR 82-41).  The record contains no completed vocational report.  Although plaintiff provided some work history in a disability report form and in an earnings report, written information regarding ***how*** the work was actually performed was not provided. (AR 255-58, 272.)  The VE testified that plaintiff's past relevant work fell under the occupations of administrative assistant, architectural drafter, computer-aided design technician, detailer, and data entry operator. (AR 84-85, 97.)  Plaintiff's hearing testimony about how her work was actually performed does not clearly distinguish between detailer jobs, architectural drafter jobs, or computer-aided design technician jobs.  To the extent that plaintiff's testimony addressed the use of her hands in her past jobs, plaintiff testified that the work involved accessing drawings from a data control room.  ("[Y]ou're constantly working with drawings, pulling them out, making revisions, putting them back . . . ." (AR 52.))

With no citations to the record, it is impossible to determine what evidence the ALJ used to support her conclusion that plaintiff could perform her past work as detailer as actually performed.  (AR 29.)  Plaintiff's hearing testimony that she "constantly" handled drawings seems to contradict the ALJ's finding.  Because the ALJ failed to make the requisite factual

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

findings to support her conclusion that plaintiff can perform her past relevant work as a detailer, the Court finds this determination is not supported by substantial evidence, is not free of legal error, and cannot be affirmed.  *Bray v. Comm'r of SSA,* 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ -- not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing, *inter alia*, *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *cf. Smolen,* 80 F.3d at 1279 (A reviewing court must determine whether the decision is "free of legal error" and "supported by substantial evidence.")

B.      Occupation of Administrative Assistant

Plaintiff argues that the occupation of administrative assistant is not past relevant work because it was performed outside the fifteen-year period used to identify past relevant work.  The Commissioner argues that the VE identified plaintiff as having performed the duties of administrative assistant in 1998, and this role is within the proper time frame.  The parties disagree on the correct calculation dates for the fifteen year period generally used to identify past relevant work.

To qualify as past relevant work, the occupation must done with the last fifteen years, lasted long enough for the claimant to learn to do it, and be substantial gainful activity.  20 C.F.R. §§ 404.1565(a), 416.965(a).  SSR 82-62 provides guidance in interpreting the applicable fifteen year window.  For disability cases under Title II and Title XVI, the fifteen year period is generally the fifteen years prior to "the time of adjudication at the initial, reconsideration, or higher appellate level."  SSR 82-62 at 2.  In Title II cases in which the claimant's disability insured status was met prior to adjudication, the work performed for the fifteen year period preceding the date the Title II disability insured status requirement was last met would generally

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7

1    be relevant.  *Id.*

2          Plaintiff made claims under both Title II and Title XVI.  Plaintiff's date last insured was

3    December 31, 2012.  (AR 22.)   For her Title II claim, the relevant fifteen year period is

4    December 31, 1997 through December 31, 2012.  For her Title XVI claim, the relevant fifteen

5    year period is calculated from the date of adjudication—the date of the ALJ's decision was

6    March 26, 2014, thus the relevant time period for plaintiff's Title XVI claim is March 26, 1999

7    through March 26, 2014.[2]  Accordingly, the earliest possible date that the administrative assistant

8    position could have qualified as past relevant work is December 31, 1997.  Plaintiff testified that

9    she stopped doing administrative work and began doing drafting work for her employer around

10   1995.  (AR 87.)   Based on this testimony, the ALJ concluded during the hearing that the

11   occupation of administrative assistant was "outside of the continuum" and thus not relevant

12   work.  (AR 88.)   This portion of the record demonstrates that plaintiff's earlier administrative

13   assistant experience was performed outside the fifteen year period.

14         The issue thus turns on testimony the VE provided later regarding plaintiff's work in

15   1998.  The Commissioner argues that the responsibilities plaintiff fulfilled for her employer in

16   1998 constitute administrative assistant work bringing this occupation into the relevant time

17   frame.  (Dkt. 20 at 5.)  Plaintiff contests the meaning of the VE's testimony as to whether this

18   occupation constitutes data entry operator or administrative assistant.  (Dkt. 21 at 2-3.)  Plaintiff

19   testified that around 1998 she spent one year creating a digital archiving system for her then-

20   employer's library of physical drawings of past projects.  (AR 94-96.)  The VE testified this

21   work was properly characterized as data entry operator.  (AR 94, 97.)  However, in response to

22

23   _____

          [2] SSR 82-62 at 2; *see, e.g.*, *Martin v. Colvin*, 2015 WL 104667, at 10 (E.D. Va. Jan. 6, 2015) (calculating
     "date of adjudication" from decision date).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8

the ALJ's question regarding the "conferring aspect" of plaintiff's job duties in this role, the VE stated this would be "part of an [administrative assistant] job title." (AR 97.) The Commissioner argues this testimony makes the occupation of administrative assistant past relevant work for purposes of this case. The Court disagrees and further cannot accept post-hoc rationalizations not relied upon by the ALJ. "We are constrained to review the reasons the ALJ asserts." *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003). The ALJ's decision is devoid of any reasoning or support for the conclusion that administrative assistant is past relevant work, and the record is ambiguous on this issue. The Court cannot divine the meaning of the VE's testimony here, nor can it affirm reasoning the ALJ failed to provide. Accordingly, the Court finds that the ALJ's decision is not supported by substantial evidence in the record. *Smolen,* 80 F.3d at 1279.

C.      Scope of Remand

        1.      Reevaluation of Step Four

        The ALJ's errors at step four were harmful because they affected the sequential evaluation process. The ALJ only identified past relevant work at step four and made no alternative findings at step five on other occupations that someone with plaintiff's residual functional capacity could perform. Because of the errors in the ALJ's analysis discussed above, this matter must be remanded for further proceedings. On remand, the ALJ should further develop the record on plaintiff's past work as a detailer as actually performed and clarify which of plaintiff's occupations qualify as past relevant work under SSR 82-62 for her Title II and Title XVI claims. The ALJ should hold a *de novo* hearing and further supplement the record as necessary.

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 9

2.      Step Five and Application of the GRIDS

If appropriate, the ALJ should proceed to step five on remand.  As part of the step five evaluation process, the ALJ should consider the Medical-Vocational Guidelines (the Grids).  20 C.F.R. Pt. 404, Subpt. P., App. 2.  Plaintiff asks the Court to apply the Grids here and remand the case for benefits as of her fiftieth birthday.  *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 201.  The parties disagree as to which portion of the Grids properly applies to plaintiff, Rule 201.16 or 201.14.  These arguments involve fact-intensive inquiries about plaintiff's education and the transferability of her skills.  The Court finds the parties' arguments about the Grids premature.  As the ALJ did not reach step five, it is not appropriate for the Court to make a determination involving application of the Grids.  On remand if the ALJ reaches step five, the ALJ should conduct further analysis regarding whether plaintiff is disabled upon application of the Grids as of her fiftieth birthday.

CONCLUSION

For the reasons set forth above, the Court recommends that this matter be REVERSED and REMANDED for further proceedings consistent with this Report and Recommendation.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 10

1  be ready for consideration by the District Judge on **August 26, 2016**.

2          DATED this 5th day of August, 2016.

3

4          _____

5          Mary Alice Theiler
           United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 11